UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK LOWE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JASON MIYARES, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:23-cv-00865 (UNA) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, initiated this matter on March 29, 2023, by filing a civil complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and at the time, he was incarcerated and in the custody of the Virginia Department of Corrections. He failed, however, to submit a copy of his six-month trust accounting as required by 28 U.S.C. § 1915(a)(2). On April 12, 2023, the Court entered an order, ECF No. 3, directing plaintiff to submit the missing financial information within 30 days, or suffer dismissal without prejudice. On April 20, 2023, plaintiff filed a renewed IFP application, ECF No. 4, and his six-month trust accounting, ECF No. 5. Shortly thereafter, on May 1, 2023, plaintiff filed a notice, ECF No. 6, indicating that he had been released from custody and was now residing in Virginia. Because plaintiff has now complied with the Court's order, it may turn to review the complaint, and for the reasons discussed below, it will grant plaintiff leave to proceed IFP and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in

law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff sues the Attorney General for Virginia, the Assistant Attorney General of Virginia, the Director of the Virginia Department of Corrections, and the Commissioner of the Virginia Department of Social Services. Plaintiff alleges that his constitutional rights were violated when he was ordered by a "Virginia Judge and Department of Child Support" to submit child support payments, but only after they "took kick back payments and demanded targeting information for Government officials." He contends that those actions constituted "the beginning of the conspiracy to disrupt elections." He demands $300 million in damages.

This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint falls squarely into this category. In addition to failing to state a claim for relief or establish this Court's jurisdiction, the complaint is frivolous on its face.

      Consequently, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: July 12, 2023

TREVOR N. McFADDEN
United States District Judge